MIR, SUAU & CO., (E. en C.), Petitioner, v. DISTRICT COURT OF MAYAGÜEZ, ETC., ET AL., Respondents.

No. 1194. Argued January 8, 1940.—Decided February 2, 1940.

A. *Ramírez Silva* for petitioner. *Pedro Santana Jr.* for respondent.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

José A. Cavaliery brought an action against the appellant in the Municipal Court of Mayagüez in which he alleged that he was a clerk in the business of the defendant; that he was earning $7 a week; that he had always performed his duties as such clerk, and that on October 20, 1939, the defendant, without justification and without notice, dismissed him without paying him one-month salary in advance which he estimates at $30.33.

The defendant demurred on the ground of insufficiency and because ''the court was without jurisdiction of the plaintiff by reason of the subject matter of the action.'' The ground for the latter demurrer is that the present action was brought under the special procedure established by Act No. 10, (1917 Sess. Laws), vol. 2, p. 218, as amended. In its answer the defendant further denied that the plaintiff had performed his duties as a clerk and that he had ever been dismissed and, on the contrary, alleged that the plaintiff voluntarily left his position, and therefore he was not entitled to any compensation at all. As special defense it alleged that, should the plaintiff be entitled to compensation, the same should not exceed $7 as the amount of his wages for one week.

The judgment rendered by the municipal court does not appear from the record; but the implication is that it was adverse to the plaintiff, as the latter appears to have appealed to the district court on October 2, 1939.

The above allegations of law were pleaded in the district court which overruled the one referring to the want of jurisdiction by reason of the procedure adopted but failed to make any reference to the demurrer of insufficiency.

In order to have the above order reviewed the defendant brought the present certiorari proceeding. The point to be determined is whether a shop clerk who is engaged for an indeterminate time may, upon dismissal by his principal without a month's notice or being paid a month's salary in advance, have recourse to the special procedure provided by Act No. 10 of 1917, as amended, or whether, on the contrary, he should avail himself, as claimed by the appellant, of an ordinary action.

Section 220 of the Code of Commerce, on which the cause of action rests, provides as follows:

"Section 220.—In cases in which no special time is fixed in the contracts of service, any one of the parties thereto may dissolve it, advising the other party thereof one month in advance.

"The factor or shop clerk shall be entitled, in such cases, to the salary due for said month."

Besides the above provision, applicable from its terms exclusively to factors and shop clerks, there is another, which appears in section 1 of Act No. 43 enacted in 1930, (Sess. Laws of 1930, p. 356), applicable to "every employee of an industry or other lucrative business whose services are contracted for without a definite term," which literally transcribed reads as follows:

"Section 1.—Every employee of an industry or other lucrative business whose services are contracted for without a definite term, and whose salary is agreed upon by the month, fortnight or week, who is discharged without just cause and without previous notice served at least fifteen days prior to his discharge, shall be entitled to receive from his principal or employer such salary as he may have earned and one month's, one fortnight's, or one week's additional salary as the case may be; *Provided, That the provisions of this Act shall not be applicable to commercial shop-clerks or factors, to whom the provisions of the Code of Commerce shall apply.*" (Italics ours.)

The two legal provisions just transcribed are of a substantive nature. The former, by its own terms, refers exclusively, as already stated by us, to the clerks and

factors; the latter to every other employee in industrial
establishments or other lucrative business other than factors
or shop clerks. The latter, as already stated, are governed
by the provisions of section 220 of the Code of Commerce,
*supra,* which provides that the notice in advance to which
said factors and shop clerks are entitled upon dismissal with-
out just cause is one month, and the compensation one
month's salary irrespective of whether they are paid by the
day, by the week or every six months. In all other cases
the compensation to workmen or employees is governed by
the way wages are paid, that is, either every week, fortnight
or month.

To provide means for the enforcement of the substantive
right created by the acts above transcribed, the Legislature
determined to establish the simple and speedy procedure
embodied in Act No. 10 of 1917, whose section 1, as amended
by the Act of April 17, 1935, (Sess. Laws of 1935, p. 238),
reads as follows:

"Section 1.—That whenever a workman or employee shall have
to claim from his employer any sum on account of compensation
for work or labor done for said employer, *or for compensation in
case said workman or employer has been discharged without previous
notice and without justified cause,* he may appear before the munici-
pal court of the municipal judicial district wherein the work was
done or where said workman or employer resided on the date of
the claim, and file a complaint against the employer, which com-
plaint shall be made out or filled in, as the case may be, by the
judge or secretary of the court, the workman or employee setting
forth therein, under oath, the facts upon which the claim is founded.

"The complaint may include the claims of all such workmen or
employees of the same employer as failed to receive their wages due
on the same work; *Provided,* That the filing of a claim by one or
more workmen or employees shall not hinder the filing of other ac-
tions by other workmen or employees." (Italics ours.)

The legal provision just transcribed is general and appli-
cable to any workman or employee who may find it necessary
to claim from his employer any compensation for work or

labor done for said employer, or as alleged herein, "for compensation should such workman or employee be dismissed from his position without notice in advance and without justification." There is no question that factors and shop clerks are included within the word "employee," and as there is involved a remedial law which must, therefore, be construed liberally, there is no justifiable reason for excluding from its benefits any specific class of employees like shop clerks.

We think that the trial court decided correctly the question of jurisdiction by dismissing by its order of November 1 ultimo the question "of lack of jurisdiction of the defendant or of the subject matter of the action brought."

We wish to call attention, however, to the fact that the only complaint found in the record fails to allege that the plaintiff was not engaged for a specific period of time, which is an essential allegation to render section 220 of the Code of Commerce applicable in the premises. Therefore, for the complaint to state the cause of action prosecuted herein, it must be amended, if the same is amendable, in such form as to include such allegation.

From the foregoing, the writ issued must be vacated and the original record sent back to the court whence it came for further proceedings not inconsistent with this opinion.